IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANA S. RIGG, # 08293-025, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-850-MJR |
| | ) |
| U.S. MARSHALS, | ) |
| WHITE COUNTY JAIL and | ) |
| RANDY COBB, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Waseca Correctional Institution, in Minnesota, has brought this *pro se* federal tort claim pursuant to 28 U.S.C. §1346 for actions occurring at White County Jail, where she was formerly housed. On July 10, 2010, Plaintiff fractured her wrist when she tripped over a cellmate's sleeping mat and fell. She complains of the United States Marshall, the White County Jail and Randy Cobb whom she describes as the head of the jail. Plaintiff claims that her injury is a result of the defendants' failure to protect her while in custody but in the end, her complaint sounds in negligence and will be considered as such.

Pursuant to 28 U.S.C. § 1346(b)(1) federal inmates may bring suit for injuries they sustain while incarcerated as a consequence of the negligence of prison officials. *United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, (1963).

Since plaintiff is a prisoner making a claim against a government official, the Court is required, under 28 U.S.C. § 1915A, to conduct a prompt threshold review of the

1

complaint. On August 2, 2012 she was permitted to proceed in forma pauperis (Doc. 5.) Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against the United States of America, by claiming negligence against the United States Marshall's Service in whose custody plaintiff had been remanded pending trial.[1] Therefore, this claim (Count 1), which the Court concludes is a negligence claim against the United States of America for injuries the plaintiff sustained in tripping over a sleeping mat while in the custody of the United States Marshall Service, shall proceed.

Plaintiff additionally names Defendants White County Jail and Cobb (Count 2). To the extent that Plaintiff attempts to bring a suit pursuant to 42 U.S.C. § 1983 against these parties, she does not succeed. Plaintiff cannot maintain her suit against the Defendant White County Jail (Count 2), because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

Defendant Cobb is a state employee and thus not subject to a claim under the Federal Tort Claims Act. *See* 28 U.S.C.A. § 2680(h).

---

[1] However, the plaintiff may not bring such a suit unless he has first presented his claim to the appropriate federal agency and that agency has denied the claim. 28 U.S.C. § 2675(a). [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant ... an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for ... personal injury ... alleged to have occurred by reason of the incident ....28 C.F.R. § 14.2(a).
Palay v. U.S., 349 F.3d 418, 425 (C.A.7 (Ill.), (2003). Plaintiffs bringing claims under the FTCA generally show exhaustion by filing with their complaint a copy of the "final denial of claim" letter indicating that agency review has been completed and the individual may seek relief in court. Plaintiff has not included such a denial with her pleadings. But exhaustion of administrative remedies is an affirmative defense to be pleaded and proven by the defense and so it is not appropriate for the Court, at this stage, to consider exhaustion as part of the §1915A frivolity review.

If Plaintiff intended to bring a civil rights claim against Defendant Cobb, she is barred by the fact that there is no supervisory liability in a § 1983 action; thus to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Plaintiff has not asserted any facts indicating Cobb's personal involvement in her injury. As with her claim against the United States Marshal Service (i.e. the United States) she essentially is asserting a negligence claim against Cobb. However, a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). "[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." (Inmate injured in a fall caused when guard negligently left a pillow on a stairway), *Daniels v. Williams*, 474 U.S. 327, 328 (1986). For these reasons, Defendants White County Jail and Randy Cobb are dismissed from this action without prejudice.

Plaintiff has named the U.S. Marshals Service of the Southern District of Illinois as Defendants. As indicated earlier, in an action under the FTCA, the United States of America is the only proper defendant. *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994). Therefore, the Court will substitute the United States of Americain lieu of the U.S. Marshals Service of the Southern District of Illinois as defendant.

**Disposition**

**IT IS HEREBY ORDERED** that the United States of America is **SUBSTITUTED** as the Defendant in this action in Count 1, and Defendant U.S. Marshals Service is **DISMISSED** without prejudice. Count 1, which the Court concludes is a negligence

claim against the United States of America for injuries the plaintiff sustained in tripping over a sleeping mat while in the custody of the United States Marshall Service, shall proceed.

**IT IS FURTHER ORDERED** that in all future filings, the title of this case shall be *Jana s. Rigg, Plaintiff vs. United States of America, Defendant.*

The Clerk of Court is **DIRECTED** to correct the classification of this case in the electronic docket to reflect that it is a FTCA claim. Notably, the plaintiff did cast this case as a FTCA matter by checking that box on the complaint form at Doc. 1.

The Clerk of Court is further **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons.  Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

**IT IS FURTHER ORDERED** that, if plaintiff believes she can state a viable claim against an individual at White County Jail who is be "personally responsible for the deprivation of a constitutional right." (which would be denominated Count 2) , she shall file her First Amended Complaint, stating any facts which may exist to support that claim and naming the individual defendant(s) directly responsible for the alleged deprivations, within 30 days of the entry of this order (on or before October 15, 2012).  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept

piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, and in addition to Count 2, must contain the allegations in Count 1, which shall receive further review as determined above. Plaintiff must also re-file any exhibits she wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of Count 2 becoming a dismissal with prejudice. Review of Count 1 shall proceed whether or not Plaintiff submits an amended complaint.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1)

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 13, 2012**

　　　　　　　　　　　　　　　　　　　　　　　　　_s/ MICHAEL J. REAGAN_
　　　　　　　　　　　　　　　　　　　　　　　　　MICHAEL J. REAGAN
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge