IN THE SOUTHERN DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANA S. RIGG, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 12-850-MJR-SCW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Defendant. | ) |

**REPORT AND RECOMMENDATION**

**WILLIAMS, Magistrate Judge:**

### I.    Introduction

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 16). Specifically, Defendant seeks dismissal of Plaintiff's claim for negligence under the Federal Tort Claims Act (FTCA) because Plaintiff failed to exhaust her administrative remedies. It has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (c)**, **FEDERAL RULE OF CIVIL PROCEDURE 72(b)**, and **Local Rule 72.1(a)**. It is **RECOMMENDED** that the District Court **ADOPT** the following findings and conclusions of law, **GRANT** Defendant's Motion to Dismiss (Doc. 16) and **DISMISS without prejudice** her claim against Defendant.

### II.    Factual Background

The allegations which form the basis of Plaintiff's Complaint stem from an incident which occurred while Plaintiff was an inmate at White County jail. Plaintiff was housed in the White County jail under the supervision of the United States Marshall's Service from the time of her arrest, April 8, 2010, until October 26, 2010 (Doc. 16). Plaintiff alleges she was injured in a fall on July 20, 2010 after tripping over a sleeping mat. (Doc. 21). The incident report included in Plaintiff's

Complaint indicates Plaintiff suffered a broken wrist on July 21, 2010(*Id.*). Plaintiff alleges the injury was caused by Defendant failing to properly protect her from dangerous conditions while in USMS custody at the White County jail. (Doc. 7). Plaintiff asserts she was unable to file an administrative claim while at the White County jail because there were no remedies available at the jail (Doc. 21). Plaintiff filed her Complaint raising her negligence claim on July 27, 2012. (Doc. 1). The District Court allowed Plaintiff to go forward with the claim under the Federal Torts Claim Act (FTCA) (Doc. 7).

On December, 13, 2012, Defendant, United States, filed a motion to dismiss Plaintiff's Complaint and for summary judgment in the alternative (Doc. 16). Defendant argues Plaintiff's Complaint was brought prior to Plaintiff exhausting administrative remedies and that the claim was filed after the two year limitation of the FTCA (*Id.*). On March 4, 2013, Plaintiff filed a response in opposition to the motion arguing that her claim is viable under the FTCA (Doc. 21).

### III.  **Conclusions of Law**

**A.  Motion to Dismiss Standard**

The purpose of a Rule 12(b)(6) motion is to determine the adequacy of the complaint, not the merits of the case. **See** *Gibson v. City of Chicago*, **910 F.2d 1510, 1520 (7th Cir. 1990).** In assessing a complaint or count under Rule 12(b)(6), the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *Tricontinental Indus., Ltd. V. PriceWaterhouseCooper, LLP*, 475 F.3d 824, 833 (7th Cir. 2007); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). Courts must determine whether the factual allegations in a complaint plausibly suggest an entitlement of relief. **Munson v. Gaetz, 673 F.3d 630, 633 (7th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)).** Dismissal is warranted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for

relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)). For purposes of a Rule 12(b)(6) motion, the allegations of a *pro se* complaint, which this case was originally filed as, are to be liberally construed. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006); *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

**B.     Analysis**

Defendant argues that Plaintiff's negligence claim should be dismissed both because she failed to exhaust her administrative remedies prior to filing a civil claim in the District Court and because her claim is barred by the statute of limitations. Defendant claims that Plaintiff failed to file a tort claim with the USMS as is required to exhaust administrative remedies under the Federal Tort Claim Act (FTCA). **28 U.S.C. § 2401(b); 28 U.S.C. § 2675(a)**. Furthermore, Defendant argues Plaintiff is required to bring any claim under the FTCA within two years of the date her injury accrued, which she failed to do.

The United States Supreme Court has made it clear that the test of the Federal Tort Claims Act (FTCA) is unambiguous and the natural reading of the statute requires claimants to bring an administrative claim with the appropriate federal agency. *McNeil v. U.S.*, **508 U.S. 106, 112 (1980).** The administrative claims process must be completely exhausted before the claimant can file an FTCA civil claim against an agency. *Id.* The purpose of the statutory requirement of exhausting administrative remedies is to reduce the burden on the judicial system, therefor "orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." *Id.* Furthermore, the FTCA bars tort claims against the United State unless the claim was "presented in writing to the appropriate federal agency within two years after such a claim accrues." **28 U.S.C. 2401(b).**

First, the undersigned finds that Plaintiff failed to exhaust her administrative remedies prior to filing her Complaint.  Plaintiff filed a civil claim with the Clerk of the Court for the Southern District of Illinois on July 27, 2012.  The FTCA civil claim filed with the District Court was filed before any administrative claim was served upon the USMS (Doc. 16-2).  Plaintiff requests leniency for her failure to submit her claim to the appropriate agency prior to the two year limitation (Doc. 21).  Plaintiff alleges she was unable to follow the administrative procedure at the White County jail due to her status as a federal prisoner.  However, Plaintiff did not allege that she was denied the ability to make an administrative claim to the USMS after her departure from White County jail on October 26, 2010.  Furthermore, Plaintiff did not begin to request the documents required for the administrative claim until May of 2012 (Doc. 1-3).  The Court received a completed administrative claim form, Form 95, from Plaintiff as an attachment to the civil complaint (Doc. 1-3).  Form 95 clearly informs claimants that administrative claims are considered presented to the appropriate agency when received by the agency and are invalid if not completely executed within two years after the allegation accrued.  (*Id.*).  Plaintiff's attempts to file an administrative claim (Doc. 21) indicate she was aware she was required to file an administrative claim.  Plaintiff's request for leniency indicates she was aware of the restrictions placed on administrative claims (*Id.*).  The USMS, not the Court, was the appropriate agency for the administrative claim.  The Form 95 was not presented to the USMS as required.  If the Form 95 attached to the civil complaint had been presented to the USMS as an administrative claim on July 27, 2012, the administrative claim would have been invalid because it was submitted after the two year limitation.  Even if the claim had been presented to and accepted as valid by the USMS, the administrative claim would not have been filed prior to the civil complaint.  Plaintiff's failure to present an administrative claim prior to the civil claim was a failure to exhaust administrative remedies.  Thus, the undersigned **FINDS** that Plaintiff failed to exhaust her administrative remedies prior to filing suit.

Not only did Plaintiff fail to exhaust her administrative remedies, but the undersigned also finds that Plaintiff's case should be dismissed because her Complaint was filed after the two year statute of limitations had run. Plaintiff's Complaint was restricted to, but did not meet, the two year limitation placed on FTCA claims. Plaintiff's Complaint was based on an injury that accrued no later than July 21, 2010. Plaintiff did not file her FTCA claim until July 27, 2012. Plaintiff acknowledges that the time between the accrual of the cause of action and the complaint filing date, July 27, 2012, exceeded the two year limitation on FTCA claims (Doc. 21). Plaintiff, thus, exceeded the statute of limitations for presenting an FTCA claim.

The undersigned, thus, **FINDS** that Plaintiff's FTCA civil claim was brought before the administrative claims process was exhausted. Further, the undersigned **FINDS** that Plaintiff's Complaint was filed after the statute of limitations expired. Each of those facts, thus, bars Plaintiff's Complaint. Accordingly, Plaintiff's claim for negligence under the FTCA is barred and the undersigned **RECOMMENDS** the Defendant's Motion for Dismissal (Doc. 16) be **GRANTED** and Plaintiff's Complaint be **DISMISSED without prejudice**.

### IV.   Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Plaintiff's claim of negligence is barred by the Federal Tort Claim Act, **GRANT** Defendant's Motion to Dismiss (Doc. 16) and **DISMISS** Plaintiff's Complaint **without prejudice**.

Pursuant to **28 U.S.C. §636(b)(1)** and **Local Rule 73.1(b)**, the parties may object to any or all of the proposed dispositive findings in the this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. **See, e.g., Snyder v. Nolen, 380 F.3d 279, 284**

**(7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before July 18, 2013.

       **IT IS SO ORDERED.**

       **DATE:** <u>July 1, 2013</u>

       <u>/s/ *Stephen C. Williams*</u>
       **Stephen C. Williams**
       United States Magistrate Judge