IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANA S. RIGG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-CV-850–MJR-SCW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Stephen C. Williams (Doc. 22), recommending that Defendant United States of America's Motion to Dismiss (Doc. 16) be granted and that the claims against Defendant be dismissed without prejudice. The Report and Recommendation was entered on July 1, 2013. Plaintiff filed a timely objection to the Report and Recommendation on July 12, 2013 (Doc. 24).

## Background

In this case, Plaintiff claims that during the time she was housed at White County jail and under the supervision of the United States Marshall's Service, she was injured in

a fall that took place on July 20, 2010 after tripping over a sleeping mat (Doc. 21). The incident report attached to Plaintiff's Complaint indicates that she suffered a broken wrist on July 21, 2010. Plaintiff brings this claim against Defendant United States, alleging that Defendant failed to properly protect her from dangerous conditions while in USMS custody at the White County jail (Doc. 7). Plaintiff asserts that she was unable to file an administrative claim while at the White County jail because there were no remedies available there (Doc. 21). Plaintiff left White County jail on October 26, 2010. She filed her Complaint raising this negligence claim with the Clerk of the Court for the Southern District of Illinois on July 27, 2012. This claim was filed prior to any administrative claim being served upon the USMS (Doc. 16-2). The Court allowed Plaintiff to proceed with her claim under the Federal Torts Claim Act (FTCA) (Doc. 7).

Defendant United States has filed a Motion to Dismiss Plaintiff's Complaint and, in the alternative, a Motion for Summary Judgment (Doc. 16). Defendant claims that Plaintiff failed to exhaust her administrative remedies prior to bringing suit and her claim is barred by the statute of limitations (*Id.*). Plaintiff filed a response in opposition to the motion on March 4, 2013 (Doc. 21). In her response, she argues that her claim is viable under the FTCA. On July 1, 2013, Magistrate Judge Williams entered a Report & Recommendation (Doc. 22) recommending that this Court grant Defendant's motion to dismiss and dismiss Plaintiff's claim without prejudice. Plaintiff filed a response to that objection on July 12, 2013 (Doc. 24).

**Conclusions of the Report and Recommendation**

Based upon the evidence before the Court, Judge Williams found that Plaintiff failed to exhaust her administrative remedies and failed to bring her claim within the two year statute of limitations provided by the FTCA.  First, Judge Williams found that Plaintiff failed to exhaust her administrative remedies because she filed her civil claim with the Clerk of the Court for the Southern District of Illinois on July 27, 2012, before any administrative claim was served upon the USMS.  Judge Williams reasoned that Plaintiff failed to allege that she was denied the ability to make an administrative claim to the USMS *after* her departure from the White County jail on October 28, 2010. Instead, she attached the Form 95 to her civil Complaint, which was insufficient under the plain language of Form 95, and Plaintiff has not alleged that she was unaware of these requirements.  With respect to the statute of limitations, Judge Williams found that because Plaintiff's Complaint was based on an injury that accrued no later than July 21, 2010, and she did not file her FTCA claim until July 27, 2012, she exceeded the two year limitation on FTCA claims.

**Discussion**

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.  **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** *Harper v. City of Chicago Heights*, **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**.  The Court "may

accept, reject or modify the magistrate judge's recommended decision." *Harper*, **824 F. Supp. at 788**. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**. However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, **474 U.S. 140 (1985)**.

Here, Plaintiff has filed an objection to the Report and Recommendation. In that objection, Plaintiff first clarifies that the date of the incident actually happened on July 20, 2010. In support, she attaches the X-ray report, indicating that the incident happened on July 20, 2010 (*See* Doc. 24, p. 6). She also argues that various reasons justify her failure to exhaust her administrative remedies.

The FTCA requires claimants to exhaust administrative remedies prior to suing the federal government in tort. **28 U.S.C. § 2675(a)**. First, a plaintiff must file a claim with the appropriate Federal agency within two years after the claim accrues. *See* **28 U.S.C. §§ 2401(b), 2675(a)**. A claimant may not file an FTCA claim against the United States until the agency either denies the claim or fails to make a final disposition within six months. *Id.* **at § 2675(a)**. If a claimant fails to exhaust these administrative remedies, the court lacks subject matter jurisdiction over the FTCA claim. *McNeil v.*

*United States,* **508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993);** *Garcia v. Meza,* **235 F.3d 287, 290 (7th Cir. 2000)**.

Specifically, Plaintiff argues that she was unable to file her claim with the appropriate administrative agency due to her various transfers to different prisons, as well her physical therapy. Lastly, she asserts that she did not know the proper procedure to fill out her claim.

With respect to Plaintiff's argument that the various transfers to different prisons kept her from exhausting administrative remedies and filing suit, this argument carries little weight. Here, the Court finds that the mere transfer to a different prison does not make Plaintiff's administrative remedies unavailable, nor does it toll the statute of limitations*. See Flornoy v. Schomig,* **152 Fed. Appx. 535, 538 (7th Cir. 2005) (Prisoner's transfer of prisoner from one prison to another within the state did not make administrative remedies unavailable);** *Paschal v. United States of America*, **No. 01-C-4959, 2003 WL 21000361, at \*3 (N.D. Ill. May 1, 2003) (holding that the inconvenience associated with a prisoner's transfer to another jail is not so extraordinary as to warrant the tolling of the statute of limitations);** *Swanson v. United States of America*, **No. 11-C-0278, 2011 WL 2896256, at \*2 (E.D. Wisc. July 20, 2011) ("Swanson's assertion that he was prevented from filing his motion for § 2255 relief within a year of the final judgment because he was transferred between prisons and had difficulty obtaining copies of old convictions does not support equitable tolling.")**.

Plaintiff also alleges that she "had to go through physical therapy [sic] in order to be able to write out the claim" (Doc. 24, p. 3). This mere assertion, without any elaboration, is insufficient for the Court to find unavailability of administrative remedies or the tolling of the statute of limitations. Plaintiff has set forth no evidence whatsoever, nor has she made any allegation, that she was incapable of writing a grievance on her own and was completely dependent on others to do so. The Court recognizes that *Pavey v. Conley* suggests that a prisoner's physical infirmities may render administrative remedies unavailable. *See* **544 F.3d 739, 740 (7th Cir. 2008) (noting that plaintiff submitted "an affidavit which stated that he had been unable to exhaust [his administrative] remedies because he could not prepare the grievance himself, as he is left-handed and it was his left arm that was broken")**. However, Plaintiff makes no such claim here.

Lastly, Plaintiff asserts that she did not know the proper procedure for filling out the claim. The Court, nevertheless, received a completed administrative claim form, Form 95, from Plaintiff with the civil complaint (Doc. 1-3). Form 95 clearly informs claimants that administrative claims are considered presented to the appropriate agency when received by the agency and are invalid if not completely executed within two years after the allegation accrued. The undersigned District Judge agrees with Magistrate Judge Williams that Plaintiff's attempt to file an administrative claim indicates that she was aware of the fact that she was required to file such claim, and was

aware or should have been aware of the restrictions placed on those claims. Thus, Plaintiff has failed to demonstrate that the administrative remedies were unavailable to her. Similarly, this argument does not support tolling the statute of limitations here. *United States v. Galindo*, 406 Fed. Appx. 322, 324 (10th Cir. 2011) ("[L]ack of knowledge regarding the law . . . does not toll the statute of limitations."); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, illiteracy, deafness, lack of legal training and actual innocence claims do not support equitable tolling of the statute of limitations).

Thus, the Court finds that Plaintiff has not sufficiently demonstrated that the grievance process was unavailable to her. Instead, Plaintiff failed to follow the proper procedures when making this grievance, and failed to avail herself of the avenues that remained open to her before bringing this action. Therefore, Plaintiff failed to exhaust her administrative remedies under the Federal Tort Claims Act.

Further, even had Plaintiff properly exhausted her administrative remedies, her case would still be dismissed because her Complaint was filed after the two year statute of limitations had run. Plaintiff's Complaint was based on an injury that accrued on July 20, 2010. Plaintiff did not file her FTCA claim until July 27, 2012. Thus, Plaintiff exceeded the statute of limitations. As explained above, none of the arguments set forth justify equitable tolling of the statute of limitations.

For these reasons, the Court **ADOPTS** Magistrate Judge William's Report and

Recommendation (Doc. 22).  Defendants' motion to dismiss (Doc. 16) is **GRANTED**.  Accordingly, Plaintiff's claim against Defendant United States of America is **DISMISSED without prejudice**.  The Clerk of the Court is **DIRECTED** to close this case on the Court's docket.

IT IS SO ORDERED.

DATED:   September 9, 2013

                                                  s/ Michael J. Reagan_____
MICHAEL J. REAGAN
United States District Judge